UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARANDA PARKER,
on behalf of herself and
all others similarly situated,

        Plaintiff,

      vs.                              Case No. 22-CV-943

IGNITE TEAM PARTNERS, LLC
IMR OAK CREEK OPCO LLC
and
SHAKENBAKE INVESTMENTS, LLC

        Defendants.

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Ignite Team Partners, LLC; IMR Oak Creek OpCo, LLC; and ShakeNBake

Investments, LLC ("Defendants"), by their attorneys, Jackson Lewis P.C., answer Plaintiff's

Complaint as follows. Allegations in the Complaint that are not specifically admitted are denied.

## PRELIMINARY STATEMENT

1. This is a collective and class action brought pursuant to the Fair Labor Standards

Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis.

Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.,* Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code

§ DWD 274.01 et seq., and Wis. Admin. Code § DWD 272.001 et seq. ("WWPCL") and Fed. R.

Civ. P. 23, by Plaintiff, Maranda Parker, on behalf of herself and all other similarly situated

current and former hourly-paid, non-exempt employees of Defendants Ignite Team Partners,

LLC; IMR Oak Creek OpCo, LLC and ShakeNBake Investments, LLC, for purposes of

obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, unpaid straight

1

time (regular) and/or unpaid agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

**Answer:** Paragraph 1 sets forth a description of Plaintiff's Complaint, rather than factual averments to which a response is required. To the extent a response is required, Defendants deny that this is a "collective and class action." No collective or class has been certified, and neither class nor collective treatment is appropriate. Defendants admit that Plaintiff bases her individual claims on the Fair Labor Standards Act and Wisconsin Wage Payment and Collection Laws. Defendants, however, deny any liability for any reason whatsoever. Defendants deny any remaining allegations in Paragraph 1.

2. Defendants operated (and continue to operate) an unlawful compensation system that deprived and failed to compensate Plaintiff and all other current and former hourly-paid, non-exempt employees for all hours worked and work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, by: (1) shaving time (via electronic timeclock rounding) from Plaintiff's and all other hourly-paid, non-exempt employees' weekly timesheets for pre-shift and post-shift hours worked and/or work performed, to the detriment of said employees and to the benefit of Defendant, in violation of the FLSA and WWPCL; and (2) failing to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in said employees' regular rates of pay for overtime calculation purposes, in violation of the FLSA and WWPCL.

**Answer:** The allegations of Paragraph 2 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 2 and put Plaintiff to her burden of proof.

3.      Defendants' failure to compensate its hourly paid, non-exempt employees for compensable work performed each workweek, including but not limited to at an overtime rate of pay, was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

**Answer:**  The allegations of Paragraph 3 state a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 3 and put Plaintiff to her burden of proof.

## JURISDICTION AND VENUE

4.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq.*

**Answer**:  Admit.

5.      This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 et seq., Wis. Stat. § 104.01 *et seq.,* Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.,* and Wis. Admin. Code § DWD 272.001 *et seq.,* because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**Answer**:  Paragraph 5 sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations and state that the Court should decline to exercise its discretionary jurisdiction over Plaintiff's state law claims.

6.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

**Answer**: Paragraph 6 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this District. Defendants deny any remaining allegations of Paragraph 6.

## PARTIES

7. Plaintiff, Maranda Parker, is an adult female resident of the State of Wisconsin residing at 6550 West Mill Road, Milwaukee, Wisconsin 53218.

**Answer**: Defendants lack knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 7 and, therefore, deny them on that basis.

8. Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) was contemporaneously filed with the Complaint (ECF No. 1).

**Answer**: Defendants admit that a document entitled "Consent to Join Form" was filed with the Complaint in this action ECF 1-3. Defendant lacks knowledge sufficient to form a belief as to whether this document was signed by Plaintiff and denies it on those grounds.

9. Defendant, Ignite Team Partners, LLC, is an Illinois-based company doing business in the State of Wisconsin with a principal office address of 1550 North Northwest Highway, Suite 430, Park Ridge, Illinois 60068.

**Answer**: Defendant, Ignite Team Partners, LLC admits that it is a limited liability company organized under the laws of the State of Illinois, with a principal office at 1550 North Northwest Highway, Suite 430, Park Ridge, Illinois 60068. Defendants deny the remaining allegations in Paragraph 9.

10. During the three (3) years immediately preceding the filing of the Complaint (ECF 1), Defendant Ignite Team Partners operated and managed skilled nursing facilities and

4

rehabilitations centers in multiple States across the country, including but not limited to in State of Wisconsin.

**Answer**:  Deny.

11.     Defendant, IMR Oak Creek OPCO, LLC, is a Wisconsin-based company doing business in the State of Wisconsin with a principal office address of 1550 North Northwest Highway, Suite 430, Park Ridge, Illinois, 60068.

**Answer**:  Defendant IMR Oak Creek OPCO, LLC admits that it is a limited liability company organized under the laws of the State of Wisconsin, with a principal office at 1550 North Northwest Highway, Suite 430, Park Ridge, Illinois 60068.  Defendant IMR Oak Creek OPCO, LLC admits that it does business in Wisconsin.  Defendants deny the remaining allegations in Paragraph 11.

12.     Defendant IMR Oak Creek OPCO, LLC, commonly known as "Ignite Medical Resorts Oak Creek," is a rehabilitation center located at 2700 Honadel Boulevard, Oak Creek, Wisconsin 53154.

**Answer**:  Defendants admit that IMR Oak Creek OPCO, LLC operates the "Ignite Medical Resorts Oak Creek", located at 2700 Honadel Boulevard, Oak Creek, Wisconsin 53154. Defendants further admit that "rehabilitation center" is an incomplete description of the services provided at the referenced facility.  Defendants deny any remaining allegations in Paragraph 12.

13.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant Ignite Team Partners operated and managed Defendant IMR Oak Creek OPCO, LLC.

**Answer**:  Deny.

14. Defendant, ShakeNBake Investments, LLC, is an Illinois-based company doing business in the State of Wisconsin with a principal office address of 1550 North Northwest Highway, Suite 430, Park Ridge, Illinois 60068.

**Answer**: Defendant ShakeNBake Investments, LLC admits that it is a limited liability company organized under the laws of the State of Illinois, with a principal office at 1550 North Northwest Highway, Suite 430, Park Ridge, Illinois 60068. Defendants deny the remaining allegations in Paragraph 14.

15. Defendant ShakeNBake Investments is owned, operated, and managed by Timothy Fields, who is also the owner of Defendant Ignite Team Partners.

**Answer**: Denied as written.

16. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant Ignite Team Partners and Defendant ShakeNBake Investments had common ownership, operations, and management, including but not limited to the shared operation and management of Defendant IMR Oak Creek OPCO, LLC.

**Answer**: Deny.

17. For purposes of the FLSA, Defendants were "employers" of "employees," including Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

**Answer**: Deny.

18. For purposes of the WWPCL, Defendants were "employers" of Plaintiff, and Plaintiff was "employed" by Defendants, as those terms, or variations thereof, are used in Wis. Stat. §§ 109.01 et seq., 103.01 et seq., 104.01 et seq., and Wis. Admin. Code § DWD 272.01.

**Answer**: Deny.

19. During the relevant time periods as stated herein, Defendants were engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

**Answer**: The allegations of this paragraph state a legal conclusion to which no response is required.

20. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants, individually and collectively, employed more than two (2) employees.

**Answer**: Defendants deny the allegations in Paragraph 20 because they do not "collectively" employ any employees.

21. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants' annual dollar volume of sales or business, individually and collectively, exceeded $500,000.

**Answer**: Defendants deny the allegations of Paragraph 21 because they do not operate "collectively."

22. During the relevant time periods as stated herein, Defendants' annual dollar volume of sales or business, individually and collectively, exceeded $500,000.

**Answer**: Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 22 and, therefore, deny them on that basis.

23. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff worked as hourly-paid, non-exempt employee in the positions of Certified Nursing Assistant at Defendants' "Ignite Medical Resorts of Oak Creek" location.

**Answer**: Deny.

7

24. Plaintiff brings this action on behalf of herself and all other similarly-situated current and former hourly-paid, non-exempt employees employed by Defendants within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1). Plaintiff and all other current and former hourly-paid, non-exempt employees performed compensable work in the same or similarly-titled positions subject to Defendants' same unlawful compensation policies and practices as enumerated herein at Defendants' direction, on Defendants' behalf, for Defendants' benefit, and/or with Defendants' knowledge at locations that were owned, operated, and/or managed by Defendants.

**Answer**:  Deny.

25. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants hired, terminated, promoted, demoted, and/or suspended Plaintiff and all other hourly-paid, non-exempt employees.

**Answer**:  Deny.

26. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants supervised Plaintiff's and all other hourly-paid, non-exempt employees' day-to-day activities.

**Answer**:  Deny.

27. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants reviewed Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt employees.

**Answer**:  Deny.

28. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants established Plaintiff's and all other hourly-paid, non-exempt employees'

work schedules and provided Plaintiff and all other hourly-paid, non-exempt employees with work assignments and hours of work.

**Answer**:  Deny.

29.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees similarly utilized Defendants' employment policies, practices, and/or procedures in the performance of their job duties.

**Answer**:  Deny.

30.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants oversaw, managed, and adjudicated Plaintiff's and all other hourly-paid, non-exempt employees' employment-related questions, benefits-related questions, and workplace issues.

**Answer**:  Deny.

31.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants established the terms and conditions of Plaintiff's and all other hourly-paid, non-exempt employees' employment.

**Answer**:  Deny.

32.     During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants' "Employee Handbook & Guidelines," which was similarly provided to Plaintiff and all other hourly-paid, non-exempt employees at all of Defendants' locations, established the terms and conditions of said employees' employment, and stated, in part: "Overtime at the rate of time and one-half the employee's straight time hourly rate is paid to hourly employees for all time worked in excess of 40 hours in one (1) week..."

9

**Answer**:  Deny.

33.    During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants' "Employee Handbook & Guidelines" stated, in part: "...**you are not allowed to punch in more than seven (7) minutes before the beginning or seven (7) minutes after the end of your scheduled shift...**" (emphasis in original.)

**Answer**:  Deny.

34.    During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants' "Employee Handbook & Guidelines" stated, in part: "Employees who are required to punch in and out of the time clock are expected to begin work immediately after punching in and are expected to punch out immediately after ceasing work."

**Answer**:  Deny.

35.    During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants' "Employee Handbook & Guidelines" stated, in part: "All [Bonus] programs have defined eligibility and payout criteria."

**Answer**:  Deny.

## GENERAL ALLEGATIONS

36.    During the years 2021 and 2022, Plaintiff performed compensable work as an hourly-paid, non-exempt employee in the position of Certified Nursing Assistant working at Defendants' direction, on Defendants' behalf, for Defendants' benefit, and/or with Defendants' knowledge at Defendants' "Ignite Medical Resorts Oak Creek" location.

**Answer**:  Deny.

37.    During the entirety of Plaintiff's employment with Defendants, Defendants compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

10

**Answer**:  Deny.

38.     During the entirety of Plaintiff's employment with Defendants, Plaintiff was a non-exempt employee for purposes of the FLSA and WWPCL.

**Answer**:  Paragraph 38 sets forth a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff was employed by "Defendants" and any remaining allegation in Paragraph 38.

39.     Plaintiff is still currently employed by Defendants.

**Answer**:  Deny.  Plaintiff is not employed by "Defendants."

40.     On a daily basis during Plaintiff's employment with Defendants, Plaintiff worked alongside other hourly-paid, non-exempt employees at Defendants' direction, on Defendants' behalf, for Defendants' benefit, and/or with Defendants' knowledge at Defendants' "Ignite Medical Resorts Oak Creek" location.

**Answer**:  Deny.

41.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were employed by Defendants in hourly-paid, non-exempt job positions and performed compensable work on Defendants' behalf, with Defendants' knowledge, for Defendants' benefit, and/or at Defendants' direction at locations that were owned, operated, and managed by Defendants.

**Answer**:  Deny.

42.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees regularly worked in excess of forty (40) hours per workweek.

**Answer**:  Deny.

43. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants knew or had knowledge that Plaintiff and all other hourly-paid, non-exempt employees worked in excess of forty (40) hours per workweek.

**Answer**: Deny.

44. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt employees on a bi-weekly basis via check.

**Answer**: Deny.

45. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants' workweek for FLSA and WWPCL purposes was Sunday through Saturday.

**Answer**: Defendants deny that they jointly or collectively employ any employees and deny that they use a coordinated workweek definition.

46. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were non-union employees of Defendants.

**Answer**: Deny.

47. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all current and former hourly-paid, non-exempt employees were subject to Defendants' same unlawful policy, practice, custom, and/or scheme of shaving time (via electronic timeclock rounding) from Plaintiff's and all other hourly-paid, non-exempt employees' weekly timesheets for pre-shift and post-shift hours worked and/or work performed, to the detriment of said employees and to the benefit of Defendants.

12

**Answer**: Deny.

48. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) and on a daily, weekly, bi-weekly, monthly, and/or ad hoc basis, Plaintiff and all other hourly-paid, non-exempt employees earned and were compensated with monetary bonuses, incentives, awards, and/or other rewards and payments based on their hours worked or work performed during their employment with Defendants.

**Answer**: Deny.

49. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in Plaintiffs and all current and former hourly-paid, non-exempt employees' regular rates of pay for overtime purposes in violation of the FLSA and WWPCL.

**Answer**: Deny.

50. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees were subject to Defendants' same pay and timekeeping policies and practices.

**Answer**: Deny.

51. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants tracked and/or recorded Plaintiff's and all other hourly-paid, non-exempt employees' hours worked each workweek.

**Answer**: Deny.

52. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained an electronic time-clock system (hereinafter

13

simply "Defendants' electronic timekeeping system") that Plaintiff and all other hourly-paid, non-exempt employees used on a daily basis for timekeeping and/or recordkeeping purposes.

**Answer**: Deny.

53. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees used Defendants' electronic timekeeping system on a daily basis for timekeeping and/or recordkeeping purposes.

**Answer**: Deny.

54. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained employment records and other documentation regarding Plaintiff and all other hourly-paid, non-exempt employees.

**Answer**: Deny.

55. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other hourly-paid, non-exempt employees.

**Answer**: Deny.

56. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained a centralized system for compensating Plaintiff and all other hourly-paid, non-exempt employees for all remuneration earned, including but not limited to with monetary bonuses, incentives, awards, and/or other rewards and payments.

**Answer**: Deny.

57. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees used

14

Defendants' electronic timekeeping system to "clock in" and to "clock out" of work each day at the beginning and end of their shifts, respectively.

**Answer**:  Deny.

58.      During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees performed compensable work immediately after "clocking in" via Defendants' electronic timekeeping system at the beginning of their shifts each workday.

**Answer**:  Deny.

59.      During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees performed compensable work immediately prior to "clocking out" via Defendants' electronic timekeeping system at the end of their shifts each workday.

**Answer**:  Deny.

60.      During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt employees' "clock in" and "clock out" times each work day via Defendants' electronic timekeeping system were kept, stored, and/or retained by Defendants.

**Answer**:  Deny.

61.      Each work day during the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants directed, expected, and/or required Plaintiff and all other hourly-paid, non-exempt employees to arrive to work on Defendants' premises and to perform compensable work immediately after "clocking in" via Defendants' electronic timekeeping system for their scheduled shift start times.

15

**Answer**:  Deny.

62.     Each work day during the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt employees' normal or customary daily routines were to arrive to work on Defendants' premises and to perform compensable work immediately after "clocking in" via Defendants' electronic timekeeping system for their scheduled shift start times.

**Answer**:  Deny.

63.     Each work day during the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants directed, expected, and/or required Plaintiff and all other hourly-paid, non-exempt employees to perform compensable work immediately prior to "clocking out" via Defendants' electronic timekeeping system for their scheduled shift end times.

**Answer**:  Deny.

64.     Each work day during the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt employees' normal or customary daily routine was to perform compensable work immediately prior to "clocking out" via Defendants' electronic timekeeping system for their scheduled shift end times.

**Answer**:  Deny.

65.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt employees' "clock in" and "clock out" times each work day via Defendants' electronic timekeeping system recorded, reflected, and represented actual hours worked and work performed each work day and each workweek by Plaintiff and all other hourly-paid, non-exempt employees. However, during the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' pay policies and

16

practices failed to compensate Plaintiff and all other hourly-paid, non-exempt employees for all hours actually worked and/or work performed each work day and each workweek. Such a practice was non-neutral and resulted in Defendants shaving time from Plaintiff's and all other hourly-paid, non-exempt employees' timesheets each work day and each workweek for pre-shift hours worked and/or work performed.

**Answer**: Deny.

66. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt employees at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

**Answer**: Deny.

67. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants knew and/or was aware that their pay policies and practices failed to compensate Plaintiff and all other hourly-paid, non-exempt employees for all pre-shift and post-shift compensable work performed as described herein.

**Answer**: Deny.

68. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt employees for all hours actually worked and/or work performed each workday and each workweek, including but not limited to at an overtime rate of pay.

**Answer**: Deny.

69. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants' policies in practice unlawfully and impermissibly failed to,

on a daily and/or weekly basis, compensate Plaintiff and all other hourly-paid, non-exempt employees when compensable work commenced and ceased each workday.

**Answer**:  Deny.

70.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) and during workweeks when no overtime was due, if any, Defendants suffered or permitted Plaintiff and all other hourly-paid, non-exempt employees to work without being paid appropriate and lawful compensation for all hours worked and/or work performed each workday and each workweek.

**Answer**:  Deny.

71.     Defendants were or should have been aware that their compensation policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt employees in the same or similar fashion for all hours worked and/or work performed each workday and each workweek, including but not limited to at an overtime rate of pay.

**Answer**:  Deny.

### COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

72.     Plaintiff brings this action on behalf of herself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> All hourly-paid, non-exempt employees employed by Defendants within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay.

**Answer**:  This paragraph sets forth a description of Plaintiff's claim and putative collective action to which no response is required.  To the extent a response is required,

18

Defendants state that collective treatment is not appropriate in this action and a collective action should not be certified, conditionally or otherwise. Defendants deny the existence of similarly situated individuals. Defendants further object to Plaintiff's proposed definition of the collective as improperly "fail safe" or "merits based." Defendants deny any remaining allegations in Paragraph 72.

73. Plaintiff and the FLSA Collective primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

**Answer**: Defendants deny the existence of a FLSA Collective and deny that collective action treatment is appropriate. An individual's entitlement to overtime is a legal conclusion to which no response is required. Defendants deny any remaining allegations in Paragraph 73.

74. Plaintiff and the FLSA Collective were compensated on an hourly basis (and not on a salary basis) each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

**Answer**: This paragraph states a legal conclusion to which no response is required. Defendants deny the existence of a FLSA Collective and deny that collective action treatment is appropriate. An individual's entitlement to overtime is a legal conclusion to which no response is required. Defendants deny any remaining allegations in Paragraph 74.

75. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants, as a matter of policy and practice, shaved time from the FLSA Collective's timesheets for all pre-shift and post-shift hours worked and/or work performed each workday while "clocked in" via its electronic timekeeping system. These practices resulted in Plaintiff and the FLSA Collective being denied overtime compensation by Defendants at the rate

of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

**Answer**: Defendants deny the existence of a FLSA Collective and deny that collective action treatment is appropriate. Defendants deny any remaining allegations in this paragraph and put Plaintiff to her burden of proof.

76. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants also compensated Plaintiff and the FLSA Collective with, in addition to an hourly or regular rate(s) of pay, other forms of non-discretionary compensation — such as performance-based and/or attendance-based monetary bonuses, incentives, awards, and/or other rewards and payments — on a weekly, bi-weekly, monthly, quarterly, annual, and/or ad hoc basis.

**Answer**: Deny.

77. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the monetary compensation that Defendants provided to Plaintiff and the FLSA Collective was non-discretionary in nature: it was made pursuant to a known plan (performance or productivity) or formula and/or were announced and known to Plaintiff and the FLSA Collective to encourage and/or reward their steady, rapid, productive, reliable, safe, consistent, regular, predictable, continued, and/or efficient work performance and/or hours worked.

**Answer**: Deny.

78. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' pay practices failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in Plaintiffs and the FLSA Collective's regular rate(s) of pay for overtime calculation

20

and compensation purposes during workweeks when said employees worked more than forty (40) hours during the representative time period.

**Answer**: Deny.

79. The First and Second Claims for Relief are brought under and maintained as opt-in Collective Actions pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective.

**Answer**: This paragraph sets forth a description of Plaintiff's claim and putative collective action to which no response is required. Defendants deny the existence of a FLSA Collective and deny that collective action treatment is appropriate. Defendants deny any remaining allegations in this paragraph and put Plaintiff to her burden of proof.

80. The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

**Answer**: This paragraph states a legal conclusion to which no response is required. Defendants deny the existence of a FLSA Collective and deny that collective action treatment is appropriate. Defendants deny any remaining allegations in this paragraph and put Plaintiff to her burden of proof.

81. Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff as stated herein are the same as those of the FLSA Collective.

**Answer**: Defendants deny the existence of a FLSA Collective, denies that Plaintiff was similarly situated with other employees, and deny that collective action treatment is appropriate. Defendants deny any remaining allegations in this paragraph and put Plaintiff to her burden of proof.

82. Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to properly and lawfully compensate employees for all work performed and/or hours worked at the correct and lawful overtime rate of pay each workweek, in violation of the FLSA.

**Answer**: This paragraph states a description of the remedies that Plaintiff seeks, to which no response is required. Defendants deny any liability for any reason whatsoever. Defendants deny the existence of a FLSA Collective and denies that collective action treatment is appropriate. Defendants deny any remaining allegations in this paragraph and put Plaintiff to her burden of proof.

83. Defendant was or should have been aware that its unlawful practices failed to compensate and deprived Plaintiff and the FLSA Collective of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

**Answer**: Defendants deny the existence of a FLSA Collective and deny that collective action treatment is appropriate. Defendants deny any remaining allegations in this paragraph and put Plaintiff to her burden of proof.

84. The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective via first class mail to the last

address known by Defendant and through posting at Defendants' facilities in areas where postings are normally made.

**Answer**: Defendants deny the existence of a FLSA Collective and denies that collective action treatment is appropriate. Defendants deny any remaining allegations in this paragraph and put Plaintiff to her burden of proof.

85. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collective.

**Answer**: Defendants deny the existence of a FLSA Collective and denies that collective action treatment is appropriate. Defendants deny any remaining allegations in this paragraph and put Plaintiff to her burden of proof.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

86. Plaintiff brings this action on behalf of herself and all other similarly-situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23. The similarly situated employees include:

> **WWPCL Class (Timeshaving):** All hourly-paid, non-exempt employees employed by Defendants in the State of Wisconsin within the two (2) years immediately preceding the filing of this Complaint (ECF No. 1) through the date of judgment who have not been compensated for all hours worked each workweek – either at a regular rate of pay or at an overtime rate of pay for hours worked in excess of forty (40) hours in a workweek – as a result of Defendants' electronic timeshaving practices.

> **WWPCL Class (Non-Discretionary Compensation):** All current and former hourly-paid, non-exempt employees employed by Defendants in the State of Wisconsin within the two (2) years immediately preceding the filing of this Complaint (ECF No. 1) and through the date of final judgment who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result

23

of Defendants' failure to include all forms of non-discretionary compensation in the regular rate of pay for overtime purposes.

**Answer**: Paragraph 86 sets forth a description of Plaintiff's claim and putative class action to which no response is required. To the extent a response is required, Defendants state that class treatment is not appropriate in this action and a class action should not be certified. Defendants deny the existence of similarly situated employees. Defendants deny that the requirements of Fed. R. Civ. P. 23 are satisfied. Defendants further object to Plaintiff's proposed definition of the class as improperly "fail safe" or "merits based." Defendants deny any remaining allegations in Paragraph 86.

87. The members of the Wisconsin Classes are readily ascertainable. The number and identity of the members of the Wisconsin Classes are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Classes are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

**Answer**: Defendants deny that Plaintiff was similarly situated with any other individuals and denies that class or collective action treatment is appropriate in this action. Defendants deny any remaining allegations in this paragraph and put Plaintiff to her burden of proof.

88. The proposed Wisconsin Classes are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over forty (40) members of each of the Wisconsin Classes.

**Answer**: Deny. Defendants state that joinder would be practical under the circumstances and, for this and other reasons, class treatment under Rule 23 is not appropriate.

89.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Wisconsin Classes, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Classes in separate actions. All of the members of the Wisconsin Classes were subject to the same corporate practices of Defendants, as alleged herein. Defendants' corporate-wide policies and practices affected all members of the Wisconsin Classes similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Classes. Plaintiff and other members of the Wisconsin Classes sustained similar losses, injuries and damages arising from the same unlawful policies and practices and procedures.

**Answer**: This paragraph states a description of the remedies that Plaintiff seeks, to which no response is required. Defendants deny any liability for any reason whatsoever. Defendants deny that Plaintiff was similarly situated with any other individuals, denies the existence of any Wisconsin Classes, and denies that class or collective action treatment is appropriate in this action. Defendants deny any remaining allegations in this paragraph and put Plaintiff to her burden of proof.

90.     Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Classes and has no interests antagonistic to the Wisconsin Classes. Plaintiff is represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

**Answer**: Defendants admit only that Plaintiff is represented by competent counsel who are experienced and competent in both collective/class action litigation and employment

25

litigation and have previously represented plaintiffs in wage and hour cases.  Defendants deny any remaining allegations in Paragraph 90.

91.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Classes to redress the wrongs done to them.

**Answer**:  Defendants deny that Plaintiff was similarly situated with any other individuals and denies that class or collective action treatment is appropriate in this action.  Defendants deny any remaining allegations in this paragraph and put Plaintiff to her burden of proof.

92.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Classes would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this

action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

**Answer**:  Defendants deny that Plaintiff was similarly situated with any other individuals and denies that class or collective action treatment is appropriate in this action.  Defendants deny any remaining allegations in this paragraph and put Plaintiff to her burden of proof.

93.     Defendants have violated the WWPCL regarding payment of regular wages and overtime wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

**Answer**:  Deny.

94.     There are questions of fact and law common to the Wisconsin Classes that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Classes arising from Defendants' actions include, without limitation, the following: (1) Whether the work performed by Plaintiff and the Wisconsin Class is compensable under federal law and/or Wisconsin law; (2) Whether Defendants engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Wisconsin Class to perform work for Defendants' benefit without being properly compensated; (3) Whether Defendant failed to pay Plaintiff and the Wisconsin Class for all work Defendants suffered or permitted them to perform each work day and each workweek; (4) Whether Defendants failed to include all forms of non-discretionary compensation in Plaintiff's and the Wisconsin Class'

27

regular rate of pay for overtime purposes; and (5) The nature and extent of class-wide injury and the measure of damages for the injury.

**Answer**: Defendants deny that Plaintiff was similarly situated with any other individuals and denies that class or collective action treatment is appropriate in this action. Defendants deny any remaining allegations in this paragraph and put Plaintiff to her burden of proof.

95. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**Answer**: Deny.

**FIRST CLAIM FOR RELIEF**
**Violations of the FLSA – Unpaid Overtime Wages (Timeshaving)**
**(Plaintiff on behalf of herself and the FLSA Collective)**

96. Plaintiff, on behalf of herself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

**Answer**: Defendants incorporate, as if fully set forth herein, their objections, denials, and other responses to each of the foregoing paragraphs.

97. At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

**Answer**: The allegations of this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the existence of a FLSA Collective and deny that collective action treatment is appropriate. Defendants admit that Plaintiff has rights under the FLSA, but denies any liability on any grounds whatsoever. Defendants deny any remaining allegations in Paragraph 97.

28

98.     At all times material herein, Defendants were an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

**Answer**: Deny.

99.     At all times material herein, Plaintiff and the FLSA Collective were employees of Defendants as provided under the FLSA.

**Answer**: Deny.

100.    Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

**Answer**: Deny.

101.    Defendants violated the FLSA by suffering or permitting Plaintiff and the FLSA Collective to perform work without being properly or lawfully compensated for each hour worked in excess of forty (40) hours each workweek. Specifically, Defendants' unlawful compensation practice shaved time from the FLSA Collective's timesheets for all pre-shift and post-shift hours worked and/or work performed, and by failing to compensate the FLSA Collective in such a fashion as described herein, this unlawful compensation practice denied Plaintiff and the FLSA Collective overtime premium pay for each hour they worked in excess of forty (40) hours each workweek and for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

**Answer**: Deny.

102.    The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

**Answer**: This paragraph states a legal conclusion to which no response is required. Defendant further denies the existence of a FLSA Collective and denies that collective action treatment is appropriate. Defendants deny any remaining allegations in this paragraph and put Plaintiff to her burden of proof.

103. Defendants were and are subject to the overtime pay requirements of the FLSA because Defendants are enterprises engaged in commerce and/or their employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

**Answer**: Defendants admit only that they are each individually subject to the FLSA. Defendants deny any remaining allegations in Paragraph 103.

104. Defendants' failure to properly compensate Plaintiff and the FLSA Collective and failure to properly record all compensable work time was willfully perpetrated. Defendants have not acted in good faith and with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

**Answer**: Deny.

105. Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

**Answer**:  Deny

106.    As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff and the FLSA Collective for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

**Answer**:  Deny

107.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**Answer**:  This paragraph states a legal conclusion to which no response is required. Defendants deny any liability for any reason whatsoever. Defendants deny the existence of a FLSA Collective and denies that collective action treatment is appropriate. Defendants deny any remaining allegations in this paragraph and put Plaintiff to her burden of proof.

## SECOND CLAIM FOR RELIEF
### Violation of the FLSA – Unpaid Overtime Wages (Non-Discretionary Compensation) (Plaintiff on behalf of herself and the FLSA Collective)

108.    Plaintiff, on behalf of herself and the FLSA Collective, reasserts and incorporates all previous paragraphs as if they were set forth herein.

**Answer**:  Defendants incorporate, as if fully set forth herein, their objections, denials, and other responses to each of the foregoing paragraphs.

109.    At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

**Answer**:  Deny.  Defendants deny the existence of an FLSA Collective or any liability on any grounds whatsoever.

31

110. At all times material herein, Defendants were an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

**Answer**: Deny.

111. At all times material herein, Plaintiff and the FLSA Collective were employees of Defendants as provided under the FLSA.

**Answer**: Deny.

112. Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

**Answer**: Deny.

113. Defendants violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay at the proper and correct overtime rate of pay for each hour worked in excess of forty (40) hours each workweek by failing to include all forms of non-discretionary compensation in the FLSA Collective's regular rates of pay for overtime calculation purposes.

**Answer**: Deny.

114. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

**Answer**: This paragraph states a legal conclusion to which no response is required. Defendants deny any liability for any reason whatsoever. Defendants deny the existence of a FLSA Collective and denies that collective action treatment is appropriate. Defendants deny any remaining allegations in this paragraph and put Plaintiff to her burden of proof.

32

115. Defendants were and are subject to the overtime pay requirements of the FLSA because Defendants are enterprises engaged in commerce and/or their employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b)

**Answer**: Defendants admit only that they are each individually subject to the FLSA. Defendants deny any remaining allegations in Paragraph 115.

116. Defendants' failure to properly compensate Plaintiff and the FLSA Collective and failure to properly include all forms of non-discretionary compensation in the regular rate of pay for overtime calculations purposes was willfully perpetrated. Defendants also have not acted in good faith and with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

**Answer**: Deny.

117. Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

**Answer**: Deny.

118. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff and the FLSA Collective for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

33

**Answer**:  Deny.

119.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**Answer**:  Deny.

**THIRD CLAIM FOR RELIEF**
**Violation of the WWPCL – Unpaid Overtime Wages (Timeshaving)**
**(Plaintiff, on behalf of herself and the Wisconsin Class)**

120.    Plaintiff, on behalf of herself and the Wisconsin Class, reasserts and incorporates all previous paragraphs as if they were set forth herein.

**Answer**:  Defendants incorporate, as if fully set forth herein, their objections, denials, and other responses to each of the foregoing paragraphs.

121.    At all relevant times, Plaintiff and the Wisconsin Classes were employees of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

**Answer**:  The allegations of this paragraph state a legal conclusion to which no response is required.  Defendants deny that Plaintiff was similarly situated with any other individuals, denies the existence of the Wisconsin Classes, and deny that class action treatment is appropriate.  Defendants deny any remaining allegations in Paragraph 121.

122.    At all relevant times, Defendants were an employer of Plaintiff and the Wisconsin Classes within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

**Answer**:  The allegations of this paragraph state a legal conclusion to which no response is required.  Defendants deny that Plaintiff was similarly situated with any other individuals,

34

denies the existence of a Wisconsin Class, and deny that class action treatment is appropriate. Defendants deny any remaining allegations in Paragraph 122.

123. At all relevant times, Defendants employed, and continue to employ, Plaintiff and the Wisconsin Classes within the meaning of Wis. Stat. §§ 109.01 *et seq.,* 103.01 *et seq.*, 104.01 *et seq.,* and Wis. Admin. Code § DWD 272.01.

**Answer**: Defendants deny that Plaintiff was similarly situated with any other individuals, denies the existence of a Wisconsin Class, and denies that class or collective action treatment is appropriate in this action. Defendants deny any remaining allegations in this paragraph and put Plaintiff to her burden of proof.

124. Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Classes regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

**Answer**: Deny.

125. At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class regular wages and overtime compensation.

**Answer**: Deny.

126. Throughout the Wisconsin Class Period, Defendants maintained and perpetrated an unlawful compensation practice that shaved time from Plaintiff's and the Wisconsin Class' timesheets for all pre-shift and post-shift hours worked and/or work performed each work day and each workweek, resulting in Defendants impermissibly and unlawfully failing to compensate Plaintiff and the Wisconsin Class for any and all hours worked and/or work performed each work day and each workweek at an overtime rate of pay, in violation of the WWPCL.

35

**Answer**:  Deny.

127.    Defendants willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of the WWPCL.

**Answer**:  Deny.

128.    As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Classes may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

**Answer**:  Deny.

129.    Plaintiff and the Wisconsin Classes seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**Answer**:  Paragraph 129 states a description of the remedies that Plaintiff seeks, to which no response is required. Defendants deny any liability for any reason whatsoever. Defendants deny that Plaintiff was similarly situated with any other individuals, denies the existence of a Wisconsin Class, and denies that class or collective action treatment is appropriate in this action. Defendants deny any remaining allegations in this paragraph and put Plaintiff to her burden of proof.

36

## FOURTH CLAIM FOR RELIEF
### Violation of the WWPCL – Unpaid Overtime Wages (Non-Discretionary Compensation)
### <u>(Plaintiff, on behalf of herself and the Wisconsin Class)</u>

130. Plaintiff, on behalf of herself and the Wisconsin Class, reasserts and incorporates all previous paragraphs as if they were set forth herein.

**Answer**: Defendants incorporate, as if fully set forth herein, their objections, denials, and other responses to each of the foregoing paragraphs.

131. At all relevant times, Plaintiff and the Wisconsin Classes were employees of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

**Answer**: The allegations of this paragraph state a legal conclusion to which no response is required. Defendants deny that Plaintiff was similarly situated with any other individuals, denies the existence of a Wisconsin Class, and denies that class action treatment is appropriate. Defendants deny any remaining allegations in Paragraph 131.

132. At all relevant times, Defendants were an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

**Answer**: The allegations of this paragraph state a legal conclusion to which no response is required. Defendants deny that Plaintiff was similarly situated with any other individuals, denies the existence of a Wisconsin Class, and denies that class action treatment is appropriate. Defendants deny any remaining allegations in Paragraph 132.

133. At all relevant times, Defendants employed, and continues to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.,* 103.01 *et seq.*, 104.01 *et seq.,* and Wis. Admin. Code § DWD 272.01.

**Answer**: The allegations of this paragraph state a legal conclusion to which no response is required. Defendants deny that Plaintiff was similarly situated with any other individuals, denies the existence of a Wisconsin Class, and denies that class action treatment is appropriate. Defendants deny any remaining allegations in Paragraph 133.

134. Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

**Answer**: Deny.

135. At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class regular wages and overtime compensation.

**Answer**: Deny.

136. Throughout the Wisconsin Class Period, Defendants maintained and perpetrated an unlawful compensation practice that failing to include all forms of non-discretionary compensation in the Wisconsin Class' regular rates of pay for overtime calculation purposes, in violation of the WWPCL.

**Answer**: Deny.

137. Defendants willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of the WWPCL.

**Answer**: Deny.

138. As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly,

38

Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Classes may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

**Answer**:  Deny.

139.    Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**Answer**:  This paragraph states a description of the remedies that Plaintiff seeks, to which no response is required. Defendants deny any liability for any reason whatsoever. Defendants deny that Plaintiff was similarly situated with any other individuals, denies the existence of a Wisconsin Class, and denies that class or collective action treatment is appropriate in this action.  Defendants deny any remaining allegations in this paragraph and put Plaintiff to her burden of proof.

**FIFTH CLAIM FOR RELIEF**
**Violation of the WWPCL – Unpaid Regular Wages/Failure to Pay an Agreed-Upon Wage**
**(Plaintiff, on behalf of herself and the Wisconsin Class)**

140.    Plaintiff, on behalf of herself and the Wisconsin Class, reasserts and incorporates all previous paragraphs as if they were set forth herein.

**Answer**:  Defendants incorporate, as if fully set forth herein, their objections, denials, and other responses to each of the foregoing paragraphs.

141.    At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

39

**Answer**:  The allegations of this paragraph state a legal conclusion to which no response is required.  Defendants deny that Plaintiff was similarly situated with any other individuals, denies the existence of a Wisconsin Class, and denies that class action treatment is appropriate. Defendants deny any remaining allegations in Paragraph 141.

142.     At all relevant times, Defendants were an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

**Answer**:  The allegations of this paragraph state a legal conclusion to which no response is required.  Defendants deny that Plaintiff was similarly situated with any other individuals, denies the existence of a Wisconsin Class, and denies that class action treatment is appropriate. Defendants deny any remaining allegations in Paragraph 142.

143.     At all relevant times, Defendants employed, and continues to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.,* 103.01 *et seq.*, 104.01 *et seq.,* and Wis. Admin. Code § DWD 272.01.

**Answer**:  The allegations of this paragraph state a legal conclusion to which no response is required.  Defendants deny that Plaintiff was similarly situated with any other individuals, denies the existence of a Wisconsin Class, and denies that class action treatment is appropriate. Defendants deny any remaining allegations in Paragraph 143.

144.     Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

**Answer**:  Deny.

40

145. At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class regular wages and overtime compensation.

**Answer**: Deny.

146. Throughout the Wisconsin Class Period, the Wisconsin Class was entitled to payments from Defendants at their agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked, pursuant to Wis. Stat. § 109.03.

**Answer**: The allegations of this paragraph state a legal conclusion to which no response is required. Defendants deny that Plaintiff was similarly situated with any other individuals, denies the existence of a Wisconsin Class, and denies that class action treatment is appropriate. Defendants deny any remaining allegations in Paragraph 146.

147. Throughout the Wisconsin Class Period, Defendants did not compensate the Wisconsin Class for each and every hour worked, in accordance with Wis. Admin. Code § DWD 272.

**Answer**: Deny.

148. Throughout the Wisconsin Class Period, Defendants maintained and perpetrated an unlawful compensation practice that shaved time from Plaintiff's and the Wisconsin Class' timesheets for all pre-shift and post-shift hours worked and/or work performed each work day and each workweek, resulting in Defendants impermissibly and unlawfully failing to compensate Plaintiff and the Wisconsin Class for any and all hours worked and/or work performed each work day and each workweek at an overtime rate of pay, in violation of the WWPCL.

**Answer**: Deny.

41

149.    Defendants willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of the WWPCL.

**Answer**:  Deny.

150.    As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Classes may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

**Answer**:  Deny.

151.    Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**Answer**:  This paragraph states a description of the remedies that Plaintiff seeks, to which no response is required. Defendants deny any liability for any reason whatsoever. Defendants deny that Plaintiff was similarly situated with any other individuals, denies the existence of a Wisconsin Class, and denies that class or collective action treatment is appropriate in this action.  Defendants deny any remaining allegations in this paragraph and put Plaintiff to her burden of proof.

**AS TO "PRAYER FOR RELIEF"**

Defendants deny that Plaintiff or any other current or former employee is entitled to any of the relief sought in the Complaint.

**GENERAL DENIAL**

Defendants deny all allegations set forth in the Complaint not expressly admitted herein.

**AFFIRMATIVE AND OTHER DEFENSES**

Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendants state the following additional defenses:

1. Some or all the allegations in Plaintiff's Complaint fail to state a claim for which relief can be granted.

2. One or more Defendants has received insufficient process or has not been sufficiently served with process.

3. One or more Defendants was not an "employer" and did not employ Plaintiff as an "employee" under the relevant statutory definitions.

4. Plaintiff's claims, and those claims of any other person on whose behalf Plaintiff seeks to assert a claim under the FLSA and/or WWPCL, are barred to the extent that Plaintiff or others seek damage beyond the applicable limitations periods.

5. Plaintiff's claims for overtime pay are barred as a matter of law during any workweeks in which Plaintiff or any other persons on whose behalf Plaintiff seeks to assert a claim did not work in excess of 40 hours per week.

6. Plaintiff's claims are barred to the extent that Plaintiff lacks standing to bring the proposed collective action or class action under the FLSA and WWPCL.

7. To the extent that Plaintiff or any putative class/collective has agreed to arbitrate any or all of the claims asserted in the Complaint, the Complaint violates such agreements to

43

arbitrate and the Complaint should be dismissed and/or stayed and Plaintiff or the putative class/collective member should be compelled to arbitrate.

8. Plaintiff's claims under the FLSA and WWPCL are barred by application of the doctrine of payment. Plaintiff and all other persons on whose behalf Plaintiff seeks to assert a claim have been paid all wages due.

9. Plaintiff's claims, and those claims of any other person on whose behalf Plaintiff seeks to assert a claim, are barred to the extent that Defendants' actions have been taken in good faith, in conformity with, and reliance upon established rulings, administrative regulations and interpretations of the FLSA within the meaning of 29 U.S.C. § 259.

10. A two-year, rather than a three-year, statute of limitations applies to Plaintiff's FLSA claims as Plaintiff cannot satisfy her burden of establishing that Defendant willfully violated the FLSA.

11. Each Defendant has at all times acted in good faith and had reasonable grounds for believing that any alleged acts or omissions were not a violation of the FLSA (within the meaning of 29 U.S.C. § 260) or any other law. Accordingly, even if a Defendant is found to have violated the FLSA, Plaintiff is not entitled to recover liquidated damages.

12. The claims of Plaintiff and any other persons on whose behalf Plaintiff seeks to assert a claim for damages are barred in whole or in part by exclusions, exceptions, credits or offsets permissible under the FLSA and any applicable state law.

13. Plaintiff's request for collective treatment should be denied in that Plaintiff and the members of the putative collective are not similarly situated and therefore, Plaintiff cannot meet the requirements for collective treatment pursuant to § 216(b) of the FLSA.

14. This action may not be properly maintained as a class action because Plaintiff cannot establish the necessary procedural elements for class treatment, a class action is not an appropriate method for fair and efficient adjudication of the claims described in the Complaint, common issues of fact or law do not predominate, individual issues of fact or law predominate, Plaintiff's claims are not representative or typical of the claims of the putative class, Plaintiff is not an adequate representative for the alleged putative class, and there is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the members of the alleged putative class.

15. Class action treatment under FRCP 23 is not appropriate because Plaintiff cannot establish that the putative class is so numerous that joinder of all members is impracticable. To the contrary, joinder would be practicable under the circumstances. All putative class members worked for a single employer at a single facility in a single geographic area.

16. Plaintiff's attempt to pursue her claims as a collective or class action fail because an independent and individual analysis is required for the claims of Plaintiff, opt-in plaintiff, and putative class member, and each of Defendants' defenses.

17. Because liability may not be determined by a single jury on a collective-wide or class-wide basis, allowing this action to proceed as a collective or class action would violate Defendants' rights to a jury trial under the Seventh Amendment.

18. Plaintiff's attempt to pursue her claims on a collective action violates Defendants' constitutional rights to due process because Defendant has a due process right to raise every defense applicable to Plaintiff, opt-in plaintiffs, and putative class members at every stage of this action.

45

19. Plaintiff's proposed class/collective definitions are vague, overbroad, fail safe and/or merits based.

20. This case should not be allowed to proceed as a collective or class action because the resulting proceedings and trial would not be manageable. This court should not entertain or permit a large number of "mini trials" on each putative class or collective member's individual work habits, circumstances, and hours.

21. This Court lacks jurisdiction, both original and supplemental, over any member of the putative class who does not expressly "opt in" to the collective action in accordance with 29 U.S.C. § 216(b).

22. Because Plaintiff's Complaint is phrased in conclusory terms, Defendants cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

**WHEREFORE**, Ignite Team Partners, LLC; IMR Oak Creek OpCo, LLC and ShakeNBake Investments, LLC respectfully request that the Court:

A. Dismiss all Claims against each defendant with prejudice, in their entirety;

B. Order that judgment be entered in favor of each defendant; and

C. Award each defendant such other relief that justice so requires.

Dated this 14th day of October, 2022.

/s/ Tony H. McGrath
Tony H. McGrath, WI Bar # 1042806
JACKSON LEWIS P.C.
22 East Mifflin Street, Suite 800
Madison, WI 53703
Direct Tel: (608) 807-5274
Fax: (608) 260-0058
Tony.McGrath@JacksonLewis.com

46

Robert J. Muten, WI Bar # 1032467
JACKSON LEWIS P.C.
330 E. Kilbourn Avenue, Suite 560
Milwaukee, WI  53202
Direct Tel: (414) 944-8904
Fax:  (414) 944-8901
Robert.Muten@JacksonLewis.com

*Attorneys for Defendants*

4873-1764-4601, v. 1

47