UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

MARANDA PARKER,
on behalf of herself and
all others similarly situated,

        Plaintiff,

v.

Case No. 22-cv-943

IGNITE TEAM PARTNERS, LLC, *et. al.*

        Defendants

**SUPPLEMENTAL RULE 26(f) CONFERENCE REPORT**

James A. Walcheske, Scott S. Luzi, and David M. Potteiger of Walcheske & Luzi, LLC, counsel for Plaintiff, Miranda Parker, and Tomislav Z. Kuzmanovic, Alexander M. Baggio, and Corey J. Swinick of Hinshaw & Culbertson, LLP counsel for Defendants, Ignite Team Partners, LLC, TMR Oak Creek OPCO LLC, ShakeNBake Investments, LLC, submit the following supplemental joint report pursuant to Federal Rule of Civil Procedure 26(f) Report.

**1.    Nature of the Case**

This is a wage and hour case brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.*, Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL"), by Plaintiff, on behalf of herself and all other similarly situated current and former non-exempt employees of Defendants, for purposes of obtaining relief under the FLSA for allegedly unpaid overtime compensation,

liquidated damages, costs, attorneys' fees, and/or declaratory relief, and/or any such other relief the Court may deem appropriate.

Plaintiff alleges that Defendants failed to compensate her and all other current and former hourly-paid, non-exempt employees for all hours worked and work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, by: (1) shaving time (via electronic timeclock rounding) from Plaintiff's and all other hourly-paid, non-exempt employees' weekly timesheets for pre-shift and post-shift hours worked and/or work performed, to the detriment of said employees and to the benefit of Defendants, in violation of the FLSA and WWPCL; and (2) failing to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in said employees' regular rates of pay for overtime calculation purposes, in violation of the FLSA and WWPCL.

Defendants deny Plaintiff's allegations, deny that class or collective action treatment is appropriate, and assert various defenses in their Answer. (ECF No. 9.) Defendants further assert that ShakeNBake Investments, LLC has no connection to the employment relationship at issue and must be dismissed from this action.

**2.      Settlement Discussions**

To date, the parties have not substantive settlement discussions.

**3.      Jurisdiction**

The parties agree that this Court has federal question subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331. Plaintiff asks the Court to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's WWPCL claims.

Defendants state that the Court should decline to exercise its discretionary jurisdiction over Plaintiff's state law claims.

**4.     Conditional Certification.**

Plaintiff will file a motion for conditional certification under the FLSA. The parties agree that the deadline for Plaintiff to file his motion for conditional certification should be Wednesday, August 25, 2023. Briefing deadlines shall follow Civil L.R. 7.

**5.     Final Certification, Class Certification, and Decertification**

If applicable, Plaintiff anticipates filing a motion for final certification under the FLSA and Rule 23, and Defendant anticipates filing a motion to decertify the conditionally certified FLSA collective. However, the parties respectfully request that the deadline to file dispositive motions be adjourned until after disposition of the parties' respective motions for class certification/decertification.

**6.     Dispositive Motions**

The parties anticipate filing dispositive motions pursuant to FED. R. CIV. P. 56, CIVIL L.R. 7, and CIVIL L.R. 56. However, the parties respectfully request that the deadline to file dispositive motions be adjourned until after disposition of the parties' respective motions for class certification/decertification.

**7.     Discovery Plan and Schedule**

The parties submit the following proposed discovery plan and schedule in accordance with FED. R. CIV. P. Rule 26(f)(3)(A) – (F):

    A.     **Subjects and Completion of Discovery:**

        i.     **Subjects on which discovery may be needed.** The parties anticipate that the subjects on which discovery may be needed, subject to objection at the appropriate time, include

the job duties and responsibilities of, and work performed by, Plaintiff and the putative FLSA collective/Rule 23 class members during the relevant time period; their dates of employment; their rates of pay, reporting structures, and work schedules during the relevant time period; their hours worked during each workweek, timekeeping information (including start and stop times) compensation or remuneration information, and payroll records for the relevant time period; Defendant's compensation policies, practices, and systems that applied to hourly-paid, non-exempt employees during the relevant time period; the nature and extent of Plaintiff's and the putative Rule 23 class' and FLSA collective's damages, if any; the actions taken by Defendant to comply with the requirements of the FLSA and WWPCL; facts regarding whether Plaintiff is a suitable class representative; facts regarding whether the proposed Rule 23 class and FLSA collective satisfy the relevant legal standards; and other facts related to or issues that may arise concerning liability, defenses, the propriety of class and collective certification, damages, and other additional subjects that may arise during the course of litigation in this matter. The parties anticipate that discovery will include written discovery (Interrogatories, Requests for Production of Documents, and Requests for Admissions) as well as depositions of the parties, putative collective/class members, and other witnesses.

      **ii.**    **Time to complete discovery.** The parties respectfully request that the Court establish the deadline to complete discovery following disposition of Plaintiff's motion for conditional certification.

    **B.**    **Disclosure of Discovery of ESI.** At this time, the parties do not anticipate any special issues related to the disclosure or discovery of electronic information but will promptly address any issues that do arise during the course of discovery. The parties agree that, subject to objection, they will produce either a hard-copy version of any formerly or currently electronically

stored information (ESI) in a form adequate and reasonable to satisfy each party's discovery requests herein for ESI, or in lieu of a hard copy, ESI on a CD-ROM, memory stick, flash drive, FTP site, or other similar medium. To the extent that either party makes discovery requests that either specifically seek ESI, or which necessarily involve a substantial amount of ESI retrieval and review, the parties agree to discuss the potential of using agreed-upon search criteria and sharing and/or shifting any ESI-related costs and/or methods of reducing ESI-related costs. The parties have taken reasonable measures to ensure any potentially relevant ESI is preserved during the pendency of this litigation.

      **C.** **Procedures Regarding Claims of Privilege and Work Product Protection.** At this time, the parties do not anticipate any special issues related to the disclosure or discovery of privileged or work product information. The parties agree that any documents in any format that contain privileged information or legal work product (and all copies) shall be immediately returned to the producing party if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production within seven (7) days after the producing party discovers that the inadvertent production occurred. The parties agree that the recipient of such inadvertently produced information will not use the information, in any way, in the prosecution of the recipient's case. Further, the parties agree that the recipient may not assert that the producing party waived privilege or work product protection based upon the inadvertent production; however, the recipient may challenge the assertion of the privilege and seek a court order denying such privilege. The parties request that the Court issue an order, pursuant to Fed. Rule of Evidence 502(d), stating that the production of privileged or work-product protected documents, electronically stored information or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

D.  **Limitations on Discovery.**  The parties do not propose any additional changes to the limitations on discovery which are set forth by the Federal Rules or by the Local Rules at this time.

E.  **Any other orders that should be entered under Rule 26(c) or Under Rule 16(b) and (c).** Plaintiff has requested a jury trial, but the parties request that the Court schedule a trial date after ruling on dispositive motions.

Dated this 26th day of April, 2023

| | |
|---|---|
| **s/ *David M. Potteiger*** | **s/ *Corey J. Swinick*** |
| James A. Walcheske, SBN 1065635 | Tomislav Z. Kuzmanovic, SBN 1003563 |
| Scott S. Luzi, SBN 1067405 | Alexander M. Baggio, MN SBN 0389912 |
| David M. Potteiger, SBN 1067009 | Corey J. Swinick, SBN 1097530 |
| | |
| Walcheske & Luzi LLC | Hinshaw & Culbertson LLP |
| 235 North Executive Drive, Suite 240 | 100 East Wisconsin Ave, Suite 2600 |
| Brookfield, Wisconsin 53005 | Milwaukee, WI 53202 |
| | |
| Telephone: (262) 780-1953 | Telephone: (414) 276-6464 |
| Email: jwalcheske@walcheskeluzi.com | Email: tkuzmanovic@hinshawlaw.com |
| Email: sluzi@walcheskeluzi.com | Email: abaggio@hinshawlaw.com |
| Email: dpotteiger@walcheskeluzi.com | Email: cswinick@hinshawlaw.com |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

313365094.v1