UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARANDA PARKER,
On behalf of herself and
all others similarly situated,

                Plaintiff,

                v.                Case No. 22-CV-943

IGNITE TEAM PARTNERS, LLC, et al.,

                Defendants.

## ORDER

Based on the parties' submissions in support of their Joint Motion for Preliminary Approval of Class Action Settlement and Class Certification for the Purposes of Settlement, their Joint Motion for Final Settlement Approval (ECF No. 40), Plaintiff's Unopposed Motion for Approval of Service Award (ECF No. 41), and Plaintiff's Unopposed Motion for Approval of Attorneys' Fees and Costs (ECF No. 42), as well as the record as a whole,

      **IT IS ORDERED** that:

1. The Wisconsin Wage Payment and Collection Law ("WWPCL") Class pursuant to Fed. R. Civ. P. 23 and the FLSA Collective that submitted a Consent to Join Form pursuant to 29 U.S.C. § 216(b) are certified;

2. The Settlement Agreement and Release ("Agreement") (ECF No. 34-1) is approved as a fair, reasonable, and adequate resolution of a *bona fide* wage dispute as it applies to the WWPCL Class and the FLSA Collective Members;

3. Plaintiff Maranda Parker ("Plaintiff") is approved as Class Representative for the WWPCL Class and the FLSA Collective Members;

4. Walcheske & Luzi, LLC is appointed as counsel for the WWPCL Class and the FLSA Collective Members;

5. The Agreement is binding on the Parties;

6. The WWPCL Class and the FLSA Collective Members' released claims (as defined in the Agreement) are dismissed *with prejudice;*

7. The settlement payments to the WWPCL Class and the FLSA Collective Members (as described in the Agreement) are approved;

8. Defendants' counsel shall provide Plaintiff's counsel with settlement checks for the WWPCL Class and the FLSA Collective Members within thirty (30) calendar days of this order;

9. Plaintiff's counsel shall send the settlement checks to the WWPCL Class and the FLSA Collective Members via U.S. Mail following receipt of the settlement checks from Defendants' counsel;

10. The WWPCL Class and the FLSA Collective Members shall have one hundred and twenty (120) calendar days from the date of mailing to cash their individual settlement checks, otherwise the individual settlement checks and amounts will revert to and be retained by Defendants;

11. Plaintiff's unopposed request for approval of her attorneys' fees and case-related costs which the parties have stipulated and agreed (ECF No. 42) are reasonable is granted;

12. Plaintiff's unopposed request for approval of her service award which the parties have stipulated and agreed (ECF No. 41) is reasonable is granted;

13. The purported WWPCL claims of the one Settlement Class Member who properly and timely excluded themselves from the WWPCL Class are dismissed *without prejudice*; and

14. The purported FLSA claims of those Settlement Class Members who did not timely file their Consent to Join forms as required by the previous orders of this Court and/or as agreed to between the parties are dismissed *without prejudice.*

Dated at Milwaukee, Wisconsin this 20th day of August, 2024.

*[signature]*
WILLIAM E. DUFFIN
U.S. Magistrate Judge